# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY5, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REVOLAR, INC, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 16-cv-1645 DMS (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY** |

This case comes before the Court on Plaintiff Security5, LLC's motion to stay proceedings pending its request for *ex parte* reexamination of the patent-in-suit by the United States Patent and Trademark Office ("PTO"). Defendant Revolar, Inc. filed an opposition to the motion, and Plaintiff filed a reply. For the reasons discussed below, the motion is granted.

## I.
## BACKGROUND

On June 28, 2016, Plaintiff filed this action against Defendant, alleging one claim of infringement of the United States Patent Number 7,907,931 ("'931 Patent"). On February 9, 2017, Defendant filed a First Amended Answer and Counterclaims. In the Counterclaims, Defendant asserts claims for declaratory judgment of

noninfringement, and invalidity and unenforceability of Plaintiff's patent. On March 2, 2017, Plaintiff filed an Answer to the Counterclaims.

The initial case management conference occurred on January 25, 2017, during which the Court scheduled the claim construction hearing on June 12, 2017. Plaintiff has served on Defendant its infringement contentions, and Defendant has served on Plaintiff its invalidity contentions. On April 12, 2017, Plaintiff filed a request for *ex parte* reexamination of the '931 Patent with the PTO. The request cited 32 prior art references identified in Defendant's invalidity contentions. Because these prior art references were not previously considered by the PTO, Plaintiff exercised its right to seek reexamination of the '931 Patent pursuant to 35 U.S.C. § 302. On the next day, Plaintiff filed the instant motion to stay these proceedings pending reexamination by the PTO.

## II.

## DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). District courts in the Ninth Circuit consider the following three factors in determining whether to stay an action pending reexamination: "'(1) the stage of litigation; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and the trial of the case.'" *Palomar Techs., Inc. v. Mrsi Sys., LLC*, No. 15-CV-1484 JLS (KSC), 2016 WL 4496839, at *1 (S.D. Cal. June 14, 2016) (quoting *Sorensen v. Giant Int'l (USA) Ltd.*, Nos. 07cv2121 et al., 2009 WL 5184497, at *2 (S.D. Cal. Dec. 21, 2009)).

A. **Stage of Litigation**

The first factor looks to the stage of the litigation. Clearly, this case is not in its infancy. The parties have already invested significant time and effort by

completing their preliminary infringement and invalidity contentions, and discovery related to claim construction. They have also submitted their joint claim construction chart, worksheet, and hearing statement. The claim construction hearing is set for June 12, 2017, and trial is scheduled for April 23, 2018. The case, however, "has not advanced to the point of a claim construction decision, assessment of the merits, trial, or other 'point of no return.'" *Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13-CV-5889-YGR, 2014 WL 4145412, at *2 (N.D. Cal. Aug. 21, 2014). There is much work still to do in the case. The parties have yet to conduct fact and expert discovery. Once claim construction is complete, summary judgment motions also will be filed according to Defendant, which will require significant time and effort. Thus, although the case has progressed past the initial stages, it is not so advanced that a stay is inappropriate. *See Tierravision, Inc. v. Google, Inc.*, No. 11CV2170 DMS BGS, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012). Accordingly, this factor weighs in favor of a stay.

**B.     Undue Prejudice or Clear Disadvantage to Defendant**

The next factor is whether a stay would unduly prejudice or present a clear disadvantage to Defendant. Defendant contends it will suffer undue prejudice if the Court grants a stay. In support, Defendant relies on three cases where the courts denied the plaintiffs' motion to stay pending reexamination. These cases, however, are distinguishable from the present case. The courts there found that a stay would prejudice the defendants, largely because the plaintiffs delayed filing their request for reexamination with the PTO until litigation had progressed well into discovery or the completion of discovery. *See Gladish v. Tyco Toys, Inc.*, No. CIV.S-92-1666WBS/JFM, 1993 WL 625509, at *2–3 (E.D. Cal. Sept. 15, 1993); *Jain v. Trimas Corp.*, No. CIV.S-04-0889 FCDPAN, 2005 WL 2397041, at *2–3 (E.D. Cal. Sept. 27, 2005); *Wayne Automation Corp. v. R.A. Pearson Co.*, 782 F. Supp. 516, 518–19 (E.D. Wash. 1991). Moreover, in *Gladish* and *Jain*, the plaintiffs displayed a lack of good faith by requesting reexamination more than six months after

receiving the prior art which was the basis of their request for reexamination.[1] In contrast, this is not a case where the party seeking a stay delayed filing its request for reexamination, let alone delayed until litigation had progressed well into discovery. The parties have only engaged in discovery pertaining to claim construction and have yet to engage in any fact or expert discovery. Moreover, Plaintiff filed the request for reexamination within 30 days of receiving notice of the prior art.[2]

Defendant argues it will suffer a clear tactical disadvantage if the Court grants a stay. Indeed, Plaintiff's election to wait until after receiving Defendant's invalidity contentions to file the request for reexamination, which incorporates all the prior art references identified therein, raises the inference that the timing of the request is tactically driven. If the stay is granted and the PTO grants the reexamination request, Defendant's invalidity defenses will, in essence, first be heard by the PTO during an *ex parte* proceeding, the prior art identified in Defendant's invalidity contentions will be cited in the '931 Patent should it survive reexamination, and the reissue patent will in effect be shielded from invalidity challenges based on those prior art references. *See Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, No. 2:14-CV-00855-JRG, 2015 WL 2352898, at *3 (E.D. Tex. May 15, 2015). Because a stay would result in a clear tactical disadvantage to Defendant, this factor weighs against a stay.

---

[1] In *Gladish*, the court also denied the plaintiff's motion for a stay, reasoning the plaintiff forced defendant "to expend time and money in responding to a motion for preliminary injunction and a motion for sanctions[.]" *Gladish*, 1993 WL 625509, at *3. Moreover, in *Jain*, the court also found that a stay would put the defendant at a clear tactical disadvantage because the defendant had filed a motion for summary judgment and the plaintiff filed the motion to stay approximately four months before trial. *Jain*, 2005 WL 2397041, at *3.

[2] Although Defendant contends "the patentee knew of at least several of the prior art references listed in Security5's request for reexamination for ***well over a decade***[,]" it has not properly supported its assertion with convincing evidence nor does it identify the specific prior art references of which Plaintiff was aware. (Mem. of P. & A. in Opp'n of Mot. at 10.)

### C. Simplification

The final factor for consideration is whether a stay will simplify the issues and streamline the litigation. The Court has already granted a stay upon joint motion of the parties in a related case pending a reexamination request of the same patent-in-suit.[3] If the Court declines to stay this case and the PTO grants Plaintiff's request for reexamination, this could result not only in inconsistencies in the Court's rulings (staying one case and not the other), but also inefficient and unnecessary expenditure of the Court's resources and further complicate the proceedings in the two cases. For example, the Court may end up construing the original '931 Patent at the upcoming claim construction hearing in the present case and, when the PTO issues a final decision in the reexamination proceedings, construing both the original and reissue patents in the two cases. Moreover, if the PTO grants the request for reexamination, Plaintiff may renew its request to stay, which will result in additional briefing by the parties and require the Court to address again whether a stay would be appropriate. "The risk of delay attending a potentially unnecessary stay is rather minimal relative to the risk of unnecessary expenditure of the Court and the parties' resources should the stay be denied and a review subsequently commence." *Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, No. CV-15-2340-MWF (PLA), 2015 WL 12746207, at *4 (C.D. Cal. Sept. 23, 2015) (citing *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015)). Therefore, the interests of judicial economy and efficient case management will be better served by a stay. Accordingly, this factor weighs in favor of a stay.

## III.
## CONCLUSION

Considering the factors discussed above, the Court grants Plaintiff's motion

---

[3] *Security5, LLC v. VSN Mobil, Inc.*, 16-cv-1431 DMS (RBB).

1  to stay this case pending the reexamination proceedings. Should the PTO deny
2  Plaintiff's request for *ex parte* reexamination or grant the request and issue a final
3  decision in the reexamination proceeding, the parties shall request to lift the stay so
4  this case may proceed.

5  **IT IS SO ORDERED.**

6  Dated: June 2, 2017

Hon. Dana M. Sabraw
United States District Judge